[Civ. No. 744. Fourth Appellate District.—April 1, 1932.]

STEVE SOUZA FREITAS et al., Respondents, v. M. S. CORDEIRO, Appellant.

Russell & Heid for Appellant.

Bradley & Bradley for Respondents.

BARNARD, P. J.—This is an action to recover certain payments made upon a contract to purchase personal property after a rescission of said contract, based upon the minority of the plaintiffs. The two plaintiffs, together with one Bettencourt, who was not a minor, agreed to purchase from the defendant Cordeiro about 120 head of cattle, with some horses, hogs, poultry and certain farm machinery, for the sum of $12,000. Five hundred dollars was paid in cash, of which each of the purchasers paid one-third, and the remainder was payable in installments. The purchasers used the property in operating a dairy. After two or three months, Bettencourt assigned his interest in the property to the two minors, without consideration, and quit the

business. The two minors operated the dairy for about nineteen months, being about six months after one of them became of age, and then surrendered the property to the defendant Cordeiro· and brought this action to recover the amounts paid. The court found that the plaintiffs were minors at the time the contract was made, but that both were over the age of eighteen years; that the interest of Bettencourt had been assigned to the plaintiffs; that the plaintiffs had given notice to Cordeiro that they disaffirmed the contract; and that they then and there restored to him most of the property referred to in the contract and, in addition, delivered to him "a great deal of other personal property and stock which they had purchased and put into the business, so that the original property or its equivalent in value" was restored. The court also found that one of the plaintiffs had become of age and that such disaffirmance of the contract was made within a reasonable time thereafter; that in addition to the original payment of $500, $2,846.51 had been paid in subsequent installments; and that the plaintiffs were entitled to interest on such payments from the dates when made. In pursuance of the findings, judgment was entered for $3,928.31, from which judgment this appeal is taken.

The appellant contends that notice of rescission was not properly given, and that the older of the two minors affirmed the contract after he became of age. We are convinced that these contentions are without merit and that the corresponding findings are sustained by the evidence.

A further contention that the judgment is erroneous in that it includes the entire $500 originally paid, when one-third of this was paid by Bettencourt, who was not a minor, is well taken. Since we think the case must be sent back for a new trial, this matter can then be adjusted.

The court found that the original property or its equivalent in value had been returned. This finding is attacked as not supported by the evidence. A large part of appellant's argument is based upon the testimony of one witness to the effect that a large number of cows were not returned. There was other evidence that nearly all of the property was returned in kind and that large and valuable additions which had been made to the property were turned over to the appellant, and, in our opinion, this

finding is amply sustained by the evidence. However, the court made no finding upon the value of the use of the property and no finding to the effect that all of the consideration received by the respondents had been returned by them to the appellant. This is important, since the evidence shows that the respondents used the property in operating a dairy, that they received large amounts of money in cream checks and otherwise, and that all of the payments made upon the contract subsequent to the first payment of $500 were made from the proceeds of these cream checks. The evidence shows that the respondents received $14,745.58 in operating the business and that they expended $10,144.49. Not only did this leave a profit of $4,601.09, which is not accounted for, but the expenditures referred to included the subsequent payments made to the appellant upon this contract, amounting to $2,846.51, and also about $1500 for groceries. It would thus seem that the respondents, for their investment of $333.33, received their living for nineteen months, about $4,600 in cash, and, if this judgment be affirmed, will receive an additional $3,928.31. On the other hand, the appellant, while receiving back the property originally agreed to be sold to the minors, was without the use thereof for nineteen months and is compelled by the judgment to return the entire amount paid, although it would appear that these payments were largely produced by the use of the property, through cream checks and otherwise. This is an equity case which calls for the doing of equity between the parties, and the general principle involved is that the parties should be put back *in statu quo,* so far as may be done.

As was pointed out in *LeBaron* v. *Berryessa Cattle Co.,* 78 Cal. App. 536 [248 Pac. 779], in such a case as this the consideration received by the minors may be returned in kind or its equivalent in value, and a court should be permitted to balance the equities running through an entire transaction and should have a rather broad discretion in determining whether or not the consideration or its equivalent has been returned. In that case it was held that it could be assumed, in support of the judgment, that the trial court had taken certain incidental matters into consideration when it found that the entire consideration received by the minors had been returned. Not only do the

equities we have above referred to indicate that certain necessary matters were not here taken into consideration, but such an assumption as is referred to in the case just cited is not available here, for the reason that the trial court, although finding that the original property had been returned, made no finding to the effect that all of the consideration received was so returned. Of the large amounts apparently received by the respondents, as above pointed out, a portion may have resulted from or may be credited to the labor of the respondent minors, but since practically all of the money came from cream checks, it would appear that another portion thereof came from and should be credited to the use of the personal property which the minors had agreed to buy, during the months the same was retained by them. Neither from the findings nor from the evidence can it be told whether this use of the property, which was a part of the consideration received by the minors, was worth the entire amount they paid to the appellant or some substantial part of it. In *Pereira* v. *Toscano,* 84 Cal. App. 526 [258 Pac. 429], it was held that a minor should not be charged with the income received from such a business, where the same was reasonably used in defraying the expenses of the business. A different situation here appears, as to a considerable portion of the income.

We conclude that before equity can be done between these parties, and in order to place them as nearly as possible *in statu quo,* it will be necessary to take into consideration the question of the value of the use of this property during the time it was used by the minors in the operation of this dairy, and that due allowance for such value should be made before it can be determined what proportion of the payments upon the contract received by the appellant should be by him returned to the minors.

For the reasons stated the judgment is reversed and the action remanded for a new trial in accordance with the views herein expressed.

Marks, J., and Jennings, J., concurred.